I respectfully dissent from the majority's decision in this case.
In a civilized society, the commission of a gruesome homicide is an irrational act. However, the mere fact that a defendant committed a gruesome homicide does not warrant judicial speculation that such conduct "could result in a finding of insanity by a medical professional." If that were the case, every heinous homicide would invite, if not require, the "not guilty by reason of insanity" defense. That is not Ohio law.
Moreover, the majority's decision takes a selective and illogical view of the medical experts' determinations in this case. The majority readily accepts these experts' opinions that Wotring was insane when he removed the victim's brain, but rejects these same experts' opinions that Wotring was sane when he repeatedly bludgeoned the victim to death. The record provides no support for this inconsistent view of the experts' opinions. The majority's selective acceptance of these medical opinions appears to be speculative.
A defendant seeking the not guilty by reason of insanity defense must establish both a severe mental disease or defect and that the defendant did not know the wrongfulness of his or her act. R.C. 2901.01 (A)(14). The fact that appellant established the first prong of this statutory test does not mandate a conclusion that appellant failed to understand the wrongfulness of his homicidal conduct. To the contrary, appellant admitted that (i) he "knew it was wrong", (ii) he went to work after committing the crime because "he didn't want to arouse suspicion", and (iii) he thought about burning the house down or burying the body to conceal the crime. Defendant cleaned up the crime scene and washed his clothes. Defendant's admissions and actions support the experts' professional medical (not legal) conclusion that appellant's mental condition did not prevent him from understanding the wrongfulness of his homicidal conduct. Under these circumstances, appellant's trial attorney's representation through a change of plea constitutes professional representation well within an objective standard of reasonableness.
Therefore, I do not agree that the attorney representing Wotring was required to engage in clairvoyance as to what findings could have been reached by any additional medical professional in this case. Appellant's first assignment of error based on a claim of ineffective counsel is without merit.
Appellant's second assignment of error also lacks merit. The defendant in Woods v. Telb (2000), 89 Ohio St.3d 504, was statutorily subject to post-release control. Appellant is not. R.C. 2967.28 does not subject those, like appellant, serving life sentences to post-release control. Rather, appellant will be eligible for "parole" after serving fifteen years. If appellant serves his maximum possible sentence, he will be incarcerated for life. Appellant was properly informed about his maximum possible penalty. Therefore, appellant's second assignment of error is without merit.
For these reason, I would affirm the trial court's decision in this case.